Ruffin, Chief Justice.
 

 ‘The instrument is in no sense testamentary. It was never intended to be revokable according to the statement of the bill. The form of the instrument shows this. It is a bond, and the plaintiff admits that it was meant to bind her to the absolute payment of the money, if not immediately, at her death. If it be meant that it is testamentary, because it is a voluntary provision for a relation, to arise after the party’s death; it is not even that, if that would do. This is not a voluntary bond. The bill admits that the plaintiff bad merchandize, to the value of the sum for which the bond was given. It is therefore founded on an adequate and full consideration. The plaintiff says, indeed, that she might have made a counter demand, of equal or larger amount, but that she would not, nor did not- If the board of the children were not meant from the beginning to be gratuitous, a point on which the parties had probably no definite purposes, much less distinct communication, yet the abandonment of a claim for it, by the person who might set up such an one, will not make the bond of that person, for a just debt due to another, voluntary; more especially when it was not expressly abandoned, as was the case here; for the plaintiff’ actually had the benefit of the subsequent board, by way of set-off, in the action on this bond; and she attributes the loss of the residue to the operation of the statute of limitations. The plaintiff is certainly, therefore, not entitled to a perpetual injunction.
 

 If the alleged agreement for the delay were established, relief might be granted to the extent of stopping the payment during the plaintiff’s life. But the only evidence of the agreement is, the testimony of the subscribing witness.
 
 *478
 
 The plaintiff has failed in her attempt to draw it from the defendants upon her interrogatories. Stainback answers distinctly, that the goods for which the small bond was given, were furnished by W. Gilmore and Co.; but that those which formed the consideration of the large bond were not, but must have been purchased by Gilmore for the plaintiff; for that the firm of W. Gilmore and Co. was not formed until the year 1828, which was after the date of this bond. He states that no entry was made of it on the books of that concern, and tenders the inspection of them to any agent of the plaintiff: and he denies that Gilmore ever made any communication whatever to him, or to any person to his knowledge, upon the subject of the bond, or of any condition on which it was. given ; and moreover denies that he knew of the existence of the bond, or of the debt on which it was founded, until after the death of Gilmore. The plaintiff’s case, therefore, rests entirely upon the testimony of the witness.
 

 June, 1837.
 

 ■ He states' that he also resided with the plaintiff during the whole period that Mr. Gilmore’s children did : that he was present and witnessed the bond for one thousand dollars: that at that' time or any other, he never heard compensation for the board of the children spoken of: but that when the bond was given, it was distinctly agreed, that it was not to be presented for payment, until after the death of the plaintiff; but upon that event, if she left property, the money was to be recoverable.
 

 Upon this evidence, it is not competent to the Court, to vary the written contract. Neither the bill nor the deposition, intimate that the bond is not in its form, what the parties thought, and intended it to be at the time. There is no allegation of fraud, mistake, or what is technically called surprise, in this Court. The bond was not given for more than was intended or than'was due, upon the principle on which the parties settled; nor payable at a different day, from that on which it was understood to purport to be payable. The allegation and evidence is merely of a distinct collateral agreement, entered into at the time, which is insisted on as controlling the written agreement. It ought to have been inserted in the instrument, or set
 
 *479
 
 forth in a separate one, in the nature of a defeazance or J condition. It has been so often said by the Court, that parol evidence is inadmissible for that purpose, as to ¡ render it almost a legal adage, not needing the support of an authority. There are however many adjudications; and among them is the case of
 
 Howell
 
 v.
 
 Hooks,
 
 2 Dev. Eq. 258, directly in point.
 

 Per Curiam. . Bill dismissed with costs.